Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
GASPAR SANCHEZ, *individually and on behalf of*
*others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
|  | **COLLECTIVE ACTION** |
| -against- | **UNDER 29 U.S.C. § 216(b)** |
|  | **AND RULE 23 CLASS** |
| LIRA OF NEW YORK, INC. (d/b/a LUKE'S BAR & | **ACTION** |
| GRILL), BY THE GLASS INC. (d/b/a UVA), TARO |  |
| RESTAURANT INC. (D/B/A DUE), LUIGI | **ECF Case** |
| MILITELO, LUIGI LUSARDI, MAURO LUSARDI, |  |
| and MASSIMO LUSARDI |  |

*Defendants.*
------------------------------------------------------------------X

    Plaintiff Gaspar Sanchez , individually and on behalf of others similarly situated

("Plaintiff Sanchez" or "Mr. Sanchez"), by and through his attorneys, Michael Faillace &

Associates, P.C., alleges upon information and belief, and as against each of Defendants Lira of

new York, Inc. (d/b/a Luke's Bar & Grill), By the Glass Inc. (d/b/a Uva),  Taro Restaurant Inc.

(d/b/a Due), ("Defendant Corporations"), Luigi Militelo, Luigi Lusardi, Mauro Lusardi, and

Massimo Lusardi (collectively, "Defendants"), as follows:

## <u>NATURE OF ACTION</u>

    1.    Plaintiff Sanchez is a former employee of Defendants Lira of New York, Inc.

(d/b/a Luke's Bar & Grill), By the Glass Inc. (d/b/a UVA), Taro Restaurant Inc. (d/b/a Due),

Luigi Militelo, Luigi Lusardi, Mauro Lusardi, and Massimo Lusardi.

2.      Luke's Bar & Grill, Uva and Due are restaurants located at 1394 Third Avenue, New York, NY 10075, 1486 Second Avenue, New York, NY 10075, and 1396 Third Avenue, New York, NY 10075, respectively.

3.      Upon information and belief, Defendants Luigi Militelo, Luigi Lusardi, Mauro Lusardi, and Massimo Lusardi serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate or operated the restaurants.

4.      Plaintiff Sanchez is a former employee of Defendants.

5.      Plaintiff Sanchez worked as a delivery worker, food runner, busboy at Defendants' restaurants located at 1394 Third Avenue, New York, NY 10075 (Luke's Bar & Grill), 1486 Second Avenue, New York, NY 10075 (Uva) and 1396 Third Avenue, New York, NY 10075 (Due).

6.      Plaintiff Sanchez regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Sanchez appropriately for his hours worked, either at the straight rate of pay, or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Sanchez the required "spread of hours" pay for any day in which he worked over 10 hours.

9.      Defendants' conduct extended beyond Plaintiff Sanchez to all other similarly situated employees.

2

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanchez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Sanchez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and the "overtime wage order" codified at N.Y. COMP. CODES R. & REGS. Tit. 12 §§ 142-2.2, 2.4 (2006), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Sanchez now brings this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Sanchez's state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district,

3

Defendants operate their businesses in this district, and Plaintiff Sanchez was employed by Defendants in this district.

## **PARTIES**

### *Plaintiff*

15.     Plaintiff Gaspar Sanchez ("Plaintiff Sanchez" or "Mr. Sanchez") is an adult individual residing in New York County, New York.

16.     Plaintiff Sanchez was employed by Defendants from approximately August 2014 until on or about December 2016.

17.     At all relevant times to this complaint, Plaintiff Sanchez was employed by Defendants as a Bus boy, Food Runner, and Delivery worker.

18.     Plaintiff Sanchez consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).


### *Defendants*

19.     Defendants own, operate and/or control three restaurants located at 1394 Third Avenue, New York, NY 10075 (Luke's Bar & Grill), 1486 Second Avenue, New York, NY 10075 (Uva) and 1396 Third Avenue, New York, NY 10075 (Due) at all times relevant to this complaint.

20.     Upon information and belief, Lira of New York, Inc. (d/b/a Luke's Bar & Grill) is a corporation organized and existing under the laws of the State of New York. Upon information

and belief, it maintains its principal place of business at 1394 Third Avenue New York, N.Y. 10075.

21.    Upon information and belief, By the Glass Inc. (d/b/a Uva) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1486 Second Avenue New York, N.Y. 10075.

22.    Upon information and belief, Taro Restaurant Inc. (d/b/a Due) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1396 Third Avenue New York, N.Y. 10075.

23.    Defendants Luigi Militelo, Luigi Lusardi, Mauro Lusardi, and Massimo Lusardi are individuals engaging in business within this judicial district during the relevant time period. Defendants Luigi Militelo, Luigi Lusardi, Mauro Lusardi, and Massimo Lusardi  are sued individually in their capacity as owners, officers and/or agents of Defendant Corporations.

24.    Defendants Luigi Militelo, Luigi Lusardi, Mauro Lusardi, and Massimo Lusardi possess operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or control significant functions of Defendant Corporations.  Defendants Luigi Militelo, Luigi Lusardi, Mauro Lusardi, and Massimo Lusardi determine the wages and compensation of the employees of Defendants, including Plaintiff Sanchez, and establish the schedules of the employees, maintain employee records, and have the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

25.    Defendants operate three restaurants located at 1394 Third Avenue, New York, NY 10075 (Luke's bar & Grill), 1486 Second Avenue, New york, NY 10075 (Uva) and 1396 Third Avenue, New York, NY 10075 (Due).

26.    Individual defendants Luigi Militelo, Luigi Lusardi, Mauro Lusardi, and Massimo Lusardi possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

27.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

28.    Each defendant possessed substantial control over Plaintiff Sanchez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Sanchez, and all similarly situated individuals, referred to herein.

29.    Defendants jointly employed Plaintiff Sanchez, and all similarly situated individuals, and are Plaintiff Sanchez's (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.    In the alternative, Defendants constitute a single employer of Plaintiff Sanchez and/or similarly situated individuals.

31.    Upon information and belief, individual defendants Luigi Militelo, Luigi Lusardi, Mauro Lusardi, and Massimo Lusardi operate the Defendant Corporations as either alter egos of themselves, and/or fail to operate the Defendant Corporations as legal entities separate and apart from themselves by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate the
Defendant Corporations as separate and legally distinct entities;

(b)     defectively forming or maintaining the Defendant Corporations by, among
other things, failing to hold annual meetings or maintaining appropriate
corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating the Defendant Corporations for their own benefit as the sole or
majority shareholders;

(e)     operating the Defendant Corporations for their own benefit and
maintaining control over these corporations as closed corporations or
closely controlled entities;

(f)     intermingling assets and debts of their own with the Defendant
Corporations;

(g)     diminishing and/or transferring assets of the Defendant Corporations to
protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

32.     At all relevant times, Defendants were Plaintiff Sanchez's employers within the
meaning of the FLSA and NYLL.

33.     Defendants had the power to hire and fire Plaintiff Sanchez, controlled the terms
and conditions of employment, and determined the rate and method of any compensation in
exchange for Plaintiff Sanchez's services.

34.     In each year from 2014 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce.  For example, numerous items that were used in the restaurants on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

36.     Plaintiff Sanchez is a former employee of Defendants.

37.     Plaintiff Sanchez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Gaspar Sanchez*

38.     Plaintiff Sanchez was employed by Defendants from approximately August 2014 until on or about December 2016.

39.     At all relevant times, Plaintiff Sanchez was employed by Defendants as a delivery worker.

40.     Plaintiff Sanchez regularly handled goods in interstate commerce such as food and drinks.

41.     Plaintiff Sanchez's work duties required neither discretion nor independent judgment.

42.     Throughout his employment with Defendants, Plaintiff Sanchez regularly worked in excess of 40 hours per week.

43.     From approximately August 2014 until on or about December 2015, Plaintiff

Sanchez worked at Luke's Bar & Grill as a delivery worker from approximately 12:00 p.m. until

on or about 9:00 p.m., Mondays, Saturdays, and Sundays, from approximately 4:00 p.m. until on

or about 10:30 p.m. on Wednesdays, and from approximately 4:30 p.m. until on or about 10:30

p.m. or from approximately 6:00 p.m. until on or about 10:30 p.m. on Fridays, and as a busboy

and food runner from approximately 10:30 a.m. until on or about 4:00 p.m. and from

approximately 6:00 p.m. until on or about 12:00 a.m. on Tuesdays  and from approximately

10:30 a.m. until on or about 4:00 p.m. on Fridays ( typically 56 hours per week).

44.     From approximately February 2016 until on or about December 2016, Plaintiff

Sanchez worked from approximately 11:00 a.m. until on or about 4:00 p.m. at Due and from

approximately 4:30 p.m. until on or about 11:00 p.m. at Uva on Mondays, from approximately

11:00 a.m. until on or about 4:00 p.m. at Due  and from approximately 6:00 p.m. until on or

about 12:00 a.m. at Luke's on Tuesdays , from approximately 11:00 a.m. until on or about 4:00

p.m. at Due on Wednesdays, from approximately 10:30 a.m. until on or about 10:30 p.m. at

Luke's on Thursdays, from approximately 11:00 a.m. until on or about 4:00 p.m. at Due and

from approximately  4:00 p.m. until on or about 10:00 p.m. at Luke's on Fridays , from

approximately 11:00 a.m. until on or about 4:00 p.m. at Due on Saturdays and from

approximately 10:30 a.m. until on or about 9:30 p.m. at Uva on Sundays (typically 66 hours per

week).

45.     From approximately August 2014 until on or about September 2015, Plaintiff

Sanchez was paid his wages in cash.

46.     From approximately September 2015 to December 2015, Plaintiff Sanchez was paid his wages in checks from Luke's bar & Grill.

47.     From approximately February 2016 until on or about December 2016, Plaintiff Sanchez was paid his wages by separate checks from each of the restaurants.

48.     From approximately August 2014 until on or about December 2015, Plaintiff Sanchez was paid a fixed salary of $20 per shift worked as a delivery worker and $25 per shift worked as a busboy or food runner.

49.     From approximately February 2016 until on or about December 2016, Plaintiff Sanchez was paid $7.50 per hour in three separate checks for the hours worked in each of the three restaurants.

50.     Plaintiff Sanchez was never notified by Defendants that his tips were being included as an offset for wages.

51.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Sanchez's wages.

52.     Defendants did not provide Plaintiff Sanchez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

53.     Plaintiff Sanchez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

54.     However, from approximately February 2016 until on or about December 2016, defendants required Plaintiff Sanchez to sign a document the contents of which he was not allowed to review to get his weekly paycheck at Due.

55.    Similarly, from approximately February 2016 until on or about December 2016, defendants required Plaintiff Sanchez to sign a document every night upon his departure at Uva.

56.    Defendants never provided Plaintiff Sanchez with a written notice, in English and in Spanish (Plaintiff Sanchez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sanchez regarding overtime and wages under the FLSA and NYLL.

58.    Defendants required Plaintiff Sanchez to purchase "tools of the trade" with his own funds—including 1 electric bike, a helmet, 8 shirts a year, 8 pants, lock and chain, and numerous sets of lights.

*Defendants' General Employment Practices*

59.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanchez to work in excess of 40 hours per week without paying him appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

60.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Sanchez by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

61.    At no time did Defendants inform their employees, including Plaintiff Sanchez, that they had reduced their hourly wages by a tip allowance.

62.    Defendants failed to inform Plaintiff Sanchez that they intended to take a deduction against his earned wages for tip income, as required by the NYLL before any deduction may be

taken.

63.     Defendants failed to inform Plaintiff Sanchez that his tips would be credited towards the payment of the minimum wage.

64.     Defendants failed to maintain a record of tips earned by Plaintiff Sanchez for the deliveries he made to customers.

65.     Defendants paid Plaintiff Sanchez in cash or by separate checks for each of the three restaurants.

66.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

67.     By employing this practice, Defendants avoided paying Plaintiff Sanchez at the minimum wage and at the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

68.     Defendants failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Sanchez with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Sanchez's relative lack of sophistication in wage and hour laws.

69.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Sanchez  (and similarly situated individuals) worked, and to avoid paying Plaintiff Sanchez  properly for (1) his full hours worked (2) overtime due and (3) spread of hours.

70.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of

minimizing labor costs and denying employee compensation by knowingly violating the FLSA and NYLL.

71.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Sanchez and other similarly situated current and former delivery workers.

72.    Defendants failed to provide Plaintiff Sanchez  and other employees with wage statements at the time of their payment of wages, containing: the  dates  of work covered by that payment of wages; name of employee; name of employer; address and phone  number  of employer;  rate  or  rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,  piece,  commission,  or  other;  gross wages;  deductions;  allowances,  if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the  number  of overtime  hours  worked, as required by NYLL §195(3).

73.    Defendants failed to provide Plaintiff Sanchez  and other employees, at the time of hiring and on or before February 1 of each subsequent year,  a statement in English and the employees'  primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether  paid  by  the  hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular  pay  day designated  by  the  employer;  the  name  of  the  employer;  any  "doing business  as"  names  used  by the employer; the physical address of the employer's main office or principal place of  business,  and  a  mailing address  if  different;  and the telephone number of the employer, as required by New York Labor Law §195(1).

13

## FLSA COLLECTIVE ACTION CLAIMS

74.     Plaintiff Sanchez brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 class members") who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of this Complaint (the "FLSA and Rule 23 Class Period").

75.     At all relevant times, Plaintiff Sanchez  and other members of the FLSA and Rule 23 Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against their wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

76.     The claims of Plaintiff Sanchez stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

77.     Plaintiff Sanchez sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

78.     Plaintiff Sanchez brings his New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years

before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period").

All said persons, including Plaintiff Sanchez, are referred to herein as the "Class."

79.   The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

80.   There are questions of law and fact common to the Class including:

a.   What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b.   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c.   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d.   Whether Defendants failed and/or refused to pay Plaintiff Sanchez the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e.   Whether Defendants failed and/or refused to pay Plaintiff Sanchez's "Spread of Hours" Pay;

f.   Whether Defendants improperly deducted "shorts" from the Plaintiff Sanchez's wages;

g.   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

     h.    What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

81.    The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiff were and are typical of those of class members.

82.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

83.    The common questions of law and fact predominate over questions affecting only individual members.

84.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

85.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

86.    Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

87.    At all times relevant to this action, Defendants were Plaintiff Sanchez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

88.    Defendants had the power to hire and fire Plaintiff Sanchez (and the FLSA and Rule 23 class members), controlled his terms and conditions of employment, and determined the rate and method of any compensation.

89.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

90.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

91.    Defendants failed to pay Plaintiff Sanchez (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

92.    Defendants' failure to pay Plaintiff Sanchez (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

93.    Plaintiff Sanchez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

94.    Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

95.    At all times relevant to this action, Defendants were Plaintiff Sanchez's (and the FLSA and Rule 23 class members') employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Sanchez (and the FLSA and Rule 23 class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

96.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

97.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

98.    Defendants, in violation of 29 U.S.C. § 207 (a)(1), failed to pay Plaintiff Sanchez (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

99.    Defendants' failure to pay Plaintiff Sanchez (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

100.    Plaintiff Sanchez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)**

101.    Plaintiff Sanchez repeats and re-alleges all paragraphs above as though fully set forth herein.

102.    At all times relevant to this action, Defendants were Plaintiff Sanchez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Sanchez (and the FLSA and Rule 23 class members), controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

103.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Sanchez (and the FLSA and Rule 23 class members) less than the minimum wage.

104.    Defendants' failure to pay Plaintiff Sanchez (and the FLSA and Rule 23 class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

105.    Plaintiff Sanchez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

106.    Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

107.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Sanchez (and the

FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

108.    Defendants' failure to pay Plaintiff Sanchez (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

109.    Plaintiff Sanchez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

110.    Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

111.    Defendants failed to provide Plaintiff Sanchez (and the FLSA and Rule 23 class members) with a written notice, in English and in Spanish (Plaintiff Sanchez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

112.    Defendants are liable to Plaintiff Sanchez (and the FLSA and Rule 23 class members) in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

113.    Plaintiff Sanchez repeats and realleges all paragraphs above as though set forth fully herein.

114.    Defendants did not provide Plaintiff Sanchez (and the FLSA and Rule 23 class members) with wage statements upon each payment of wages, as required by NYLL 195(3).

115.    Defendants are liable to Plaintiff Sanchez (and the FLSA and Rule 23 class members) in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMISSIONER OF LABOR

116.    Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

117.    Defendants failed to pay Plaintiff Sanchez (and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Sanchez's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

118.    Defendants' failure to pay Plaintiff Sanchez (and the FLSA and Rule 23 class members) an additional hour's pay for each day Plaintiff Sanchez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

119.    Plaintiff Sanchez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
## (RECOVERY OF EQUIPMENT COSTS)

120.    Plaintiff Sanchez repeats and realleges all paragraphs above as though set forth fully herein.

121.    Defendants required Plaintiff Sanchez (and the FLSA and Rule 23 class members) to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment

21

and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

122.    Plaintiff Sanchez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sanchez respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sanchez and the FLSA and Rule 23 class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sanchez  and the FLSA and Rule 23 class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Sanchez's, and the FLSA and Rule 23 class members', compensation, hours, wages, and any deductions or credits

taken against wages;

(e)      Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Sanchez and the FLSA and Rule 23 class members;

(f)      Awarding Plaintiff Sanchez and the FLSA and Rule 23 class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)      Awarding Plaintiff Sanchez  and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(h)      Awarding Plaintiff Sanchez and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(i)      Declaring that Defendants  violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sanchez (and the FLSA and Rule 23 class members);

(j)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sanchez (and the FLSA and Rule 23 class members);

(k)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Sanchez (and the FLSA and Rule 23 class members);

(l)      Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Sanchez's, (and the FLSA and Rule 23 class members) compensation, hours, wages, and any deductions or credits taken against wages;

(m)      Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Sanchez (and the FLSA and Rule 23 class members);

(n)      Declaring that Defendants violated NYLL §196-d.

(o)      Awarding Plaintiff Sanchez (and the FLSA and Rule 23 class members) damages for the amount of unpaid minimum wage, spread of hours pay and overtime compensation , as well as  damages for any improper deductions or credits taken against wages;

(p)      Awarding Plaintiff Sanchez (and the FLSA and Rule 23 class members) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(q)      Awarding Plaintiff Sanchez (and the FLSA and Rule 23 class members) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(r)      Awarding Plaintiff Sanchez  (and the FLSA and Rule 23 class members) liquidated damages in an amount equal to one hundred percent (100%) of the spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(s)      Awarding Plaintiff Sanchez (and the FLSA and Rule 23 class members) pre-judgment and post-judgment interest as applicable;

(t)        Awarding Plaintiff Sanchez (and the FLSA and Rule 23 class members) the expenses incurred in this action, including costs and attorneys' fees;

(u)        Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(v)        All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Sanchez demands a trial by jury on all issues triable by a jury.


Dated: New York, New York
        February 24, 2017

                    MICHAEL FAILLACE & ASSOCIATES, P.C.


                    _____/s/ Michael Faillace_____
                    By:    Michael A. Faillace [MF-8436]
                           60 East 42nd Street, Suite 2540
                           New York, New York 10165
                           (212) 317-1200
                           *Attorneys for Plaintiff*

25

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 30, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Gaspar Sanchez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      30 de enero de 2017