```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/22/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
   GASPAR SANCHEZ et al.,

                            Plaintiffs,                    17-CV-1431 (JMF)

              -v-                                    ORDER

   LIRA OF NEW YORK, INC. et al.,

                            Defendants.
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      By letter dated July 27, 2017 (Docket No. 30), some of the parties in this action (namely, Plaintiff and Defendants By the Glass, Inc., Taro Restaurant, Inc., Luigi Lusardi, Mauro Lusardi, and Massimo Lusardi), brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court that they had reached a settlement in principle. By Order entered August 3, 2017 (Docket No. 35), the Court directed the parties to submit a joint letter explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

      The Court, having reviewed the parties' letter, dated August 16, 2017 (Docket No. 36), finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claim as well as the risks and expenses involved in additional litigation. *See id*. In addition, although the proposed award of attorney's fees is high relative to the size of the Plaintiff's claim and recovery, the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney. *See Picerni v. Bilingual Seit & Preschool Inc.*, 925

F.Supp.2d 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the plaintiff and his attorney— i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation."). The Court also notes that a high percentage of the attorney's fees represent out-of-pocket costs incurred in serving the Defendants.

Accordingly, the Court approves the settlement and dismisses the case against Defendants By the Glass, Inc., Taro Restaurant, Inc., Luigi Lusardi, Mauro Lusardi, and Massimo Lusardi with prejudice. The Clerk of the Court is directed to terminate Defendants By the Glass Inc. (d/b/a Uva), Taro Restaurant Inc. (d/b/a Due), Luigi Lusardi, Mauro Lusardi, and Massimo Lusardi as parties.

SO ORDERED.

Dated: New York, New York
August 18, 2017

_____
JESSE M. FURMAN
United States District Judge